UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Emilio Hernandez,                              Plaintiff,<br><br>-v-<br><br>New York State and Suffolk County,<br><br>                              Defendants. | 2:24-cv-8415<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is a motion to proceed in forma pauperis ("IFP") filed by Emilo Hernandez ("Hernandez") together with a pro se Complaint and a proposed order to show cause seeking this Court's intervention in his pending state court criminal prosecution. (*See* Compl., ECF No. 1; IFP Mot., ECF No. 2; Proposed Order to Show Cause, ECF No. 4.) For the reasons that follow, the motion to proceed IFP is denied without prejudice and with leave to renew upon filing a complete short form IFP application. Alternatively, Hernandez may pay the $405 filing fee within fourteen (14) days in order for this case to proceed. The Court holds the proposed order to show cause in abeyance pending payment of the filing fee or, in the alternative, completion of the IFP application.

The Supreme Court has long held that, in order to demonstrate that a person is qualified for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis*

statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether a party qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining that IFP motion denials are reviewed for abuse of discretion). When a litigant's motion fails to establish the level of financial need required under the IFP statute, such motion is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Hernandez's IFP motion does not provide sufficient information for the Court to reasonably conclude that Hernandez is unable to afford the filing fee. Hernandez has omitted a response to the critical question: "Amount of money I have in cash or in a checking or savings account." (IFP Mot. ¶ 4.) Given Hernandez's incarceration, he shall provide the total sum in his prison account in any renewed IFP motion. In addition, although Hernandez reports that he received "money gifts from [his] family" in the past twelve months, he has omitted the amounts he has received and what he expects to receive in the future as the form requires. (*Id.* ¶ 3.) Thus, the present motion raises more questions than it answers and does not demonstrate that Hernandez is qualified to proceed IFP. Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed short form IFP application. Alternatively, Hernandez

may pay the $405.00 filing fee. Hernandez shall either file the renewed IFP application or remit the filing fee within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice. The Court holds the order to show cause in abeyance pending resolution of this issue.

    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    The Clerk of Court is respectfully directed to mail a copy of this Order to Hernandez with a short form IFP application at his address of record in an envelope marked "Legal Mail" and to record such mailing on the docket.

Dated:    Central Islip, New York
            December 13, 2024

                                              */s/ Nusrat J. Choudhury*
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge