UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILIO HERNANDEZ,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                     24-CV-08415-SJB-LGD
         v.

NEW YORK STATE and SUFFOLK COUNTY,

                Defendants.
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

        Plaintiff Emilio Hernandez ("Hernandez"), currently incarcerated at the Suffolk County Correctional Facility, filed this Complaint against New York State ("NYS") and Suffolk County on December 6, 2024. (Compl. dated Nov. 4, 2024, Dkt. No. 1 at 1). Hernandez's first application to proceed *in forma pauperis* ("IFP") was denied by District Judge Choudhury. (Mot. to Proceed IFP dated Nov. 4, 2024, Dkt. No. 2; Order dated Dec. 13, 2024, Dkt. No. 8). He has since renewed that application. (Mot. to Proceed IFP dated Dec. 16, 2024, Dkt. No. 10). On February 27, 2025, this case was reassigned to the undersigned. Hernandez's request to proceed IFP is granted. However, for the reasons discussed below, Hernandez's Complaint is dismissed.

<u>BACKGROUND</u>

        Hernandez seeks to vindicate his wife's rights under the Americans with Disabilities Act ("ADA"). (*See* Compl. at 1). He alleges that on April 11, 2023, a Suffolk County Police detective entered his home and presented his legally blind wife with a document to sign, "and informed her it was to get [Hernandez's] car back" (because

presumably it had been impounded). (*See* Compl. at 2–3). Hernandez alleges that the detective did not permit her to get her son, her caretaker, to review the document, and instead induced her to sign the form. (*Id.* at 3). The document "turned out to be a search warrant used . . . to search [Hernandez's] vehicle and obtain evidence." (*Id.*). Hernandez alleges no accommodations were made for his wife's disabilities in obtaining her signature on the warrant. (*Id.*). Hernandez does not allege that he personally suffered any injury. Nonetheless, he is seeking $900,000 in total damages from the defendants. (*Id.* at 4).

## DISCUSSION

"Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter," *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205–06 (2d Cir. 2019), including cases brought by IFP complainants. *E.g.*, *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362 at *2–3, *5 (E.D.N.Y. May 7, 2012) (dismissing claim brought by pro se, IFP litigant because the court lacked subject matter jurisdiction). Thus, "[n]otwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Id.* at *3 (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)).

"Article III limits federal judicial power to 'Cases' and 'Controversies,' and standing to sue 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong[.]'" *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 92 (2d Cir. 2019) (citation omitted) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330,

2

338 (2016)). "[S]tanding is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction." *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022); *see also* Fed. R. Civ. P. 12(h)(3). Like all subject matter issues, standing can be raised sua sponte. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

The only plaintiff in this case is Hernandez; but the only injuries alleged are attributable to his wife, not him. (Compl. at 2–3). Hernandez lacks standing to bring this claim on her behalf under the ADA.

"[T]here are three Article III standing requirements: (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009) (quotations omitted).

"Supplementing these constitutional requirements," there is a "prudential doctrine of standing" that "encompass[es] several judicially self-imposed limits on the exercise of federal jurisdiction." *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 551 (1996). There are three "broad" categories of "prudential standing" rules. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014). The first is the third-party rule: the bar on a litigant from "raising another person's legal rights." *Id.* (quotations omitted). The second is "the rule barring adjudication of generalized grievances," and the third is "the requirement that a

3

plaintiff's complaint fall within the zone of interests protected by the law invoked." *Id.* (quotations omitted). The standing question in this case concerns limits of the first prudential barrier—the third-party standing bar. The third-party standing bar provides that a litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015).[1]

Hernandez asserts only that his wife's rights were violated. (*See* Compl. at 2–4). He does not assert any injury to himself. Because the lawsuit violates the bar on asserting rights of third-parties, Hernandez has not established standing, and the case must be dismissed.

Even if Hernandez's action was able to fall within an exception to the bar on third-party standing, *see supra* note 1, his lawsuit would still be dismissed, because a non-lawyer proceeding pro se may only represent themselves in federal court. *Chailla v. Navient Dep't of Educ.*, 791 F. App'x 226, 229 (2d Cir. 2019) ("[A] person who is not an attorney and is not represented by an attorney 'may not appear on another person's behalf in the other's cause.'" (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

---

[1] "Typically, a plaintiff who asserts the claims of a third party can obtain standing by establishing (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *Keepers*, 807 F.3d at 41 (quoting *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015)). Hernandez has not asserted such a barrier here. Other exceptions to the third-party standing bar—for example, the ability of an association to assert rights of third parties under the ADA—do not apply to Hernandez's individual lawsuit (at least as framed in the current Complaint).

CONCLUSION

For the reasons set forth above, the renewed IFP application is granted and the claims set forth in the Complaint are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Hernandez may file an amended complaint by September 3, 2025.  Should he fail to do so, this case will be closed.  To be clear, if he is proceeding pro se, he can only bring a lawsuit on his own behalf that asserts injuries he himself suffered.  An amended complaint that does not comply with these requirements will be dismissed.

The Court certifies that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order to Hernandez at his address of record in an envelope marked "Legal Mail" and shall note such mailing on the docket.

SO ORDERED.
*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  August 4, 2025
       Central Islip, New York